IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KEVIN P CORRELL,<br>　　　　　Petitioner,<br>　　v.<br><br>UNDER SECRETARY OF COMMERCE<br>OF INTELLECTUAL PROPERTY<br>("DIRECTOR"),<br>　　　　　Respondent. | )<br>)<br>)<br>)<br>)  Civil Action No.: 1:21-cv-898 (AJT/IDD)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Petitioner Kevin P. Correll ("Petitioner") has filed two motions in which he seeks a preliminary injunction to postpone his suspension before the United States Patent and Trademark Office (USPTO): a Motion to Postpone Effective Date of Suspension By the Director Pending Final Judicial Review, [Doc. No. 2], and a Motion to Reverse the Director's Order for Suspension and/or Postpone Effective Date of Suspension By the Director Pending Final Judicial Review, [Doc. No. 9], (together the "Motions"). For the following reasons, the Motions are **DENIED**.

**I. BACKGROUND**

In 2002, while working for the United States Department of the Navy as an electrical engineer, [Doc. No. 15] at 11, Petitioner started his private law firm where he received compensation for legal services related to patent, copyright, and trademark matters. Federal employees are prohibited from representing private clients before the USPTO; and while working at both jobs, Petitioner completed a survey that contained a reminder about the prohibition against federal employees representing private clients before the USPTO. *Id.* at 12. Upon receiving written notice of Petitioner's representing private clients before the USPTO, the USPTO's Office of Enrollment and Discipline (OED) launched an investigation on February 9,

1

2017 into Petitioner's conduct. *Id.* at 13. The OED concluded its investigation on January 17, 2018 and filed a disciplinary action against Petitioner for violating USPTO Code and Rules as a result of his representations before the USPTO. *Id.* at 13-14. Thereafter, the chief administrative law judge ("ALJ") of the Environmental Protection Agency heard the complaint against Petitioner and held that Petitioner had violated 37 C.F.R. §§ 10.23(a), 10.23(b)(4), 10.23(b)(5), 10.23(c)(20), 10.40(b)(2), as well as USPTO Rules §§ 11.111, 11.505, 11.804(d), and 11.116(a)(1). *Id.* at 14-15. On October 3, 2019, the ALJ issued an initial decision that the Petitioner should be suspended from practicing before the USPTO for sixty months. *Id.* at 16.

## II. LEGAL PRINCIPLES

Fed. R. Civ. P. 65 authorizes a federal court to issue preliminary injunctions, which are extraordinary remedies "never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). To receive a preliminary injunction, the moving party must make a clear showing that (1) the plaintiff is likely to succeed on the merits of her case; (2) the plaintiff is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of the equities tips in her favor; and (4) an injunction serves the public interest. *Id.* at 22.

## III. ANALYSIS

As an initial matter, Petitioner has failed to make the required showing that he is likely to succeed on the merits of his claim that he was wrongfully suspended from practicing before the USPTO. In that regard, an agency's final order is upheld when "the disciplinary action was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Bender v. Dudas*, 490 F.3d 1361, 1362 (Fed. Cir. 2007); s*ee also Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1905 (2020).

Petitioner first contends that his suspension violates his First Amendment rights. While federal employees do not give up their First Amendment rights altogether, the government may regulate the speech of federal employees without violating the First Amendment. *Pickering v. Bd. of Educ.*, 391 U.S. at 568; *see also Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). Government regulations on the speech of federal employees are evaluated under the *Pickering* balancing test. *Id.*; *see also Sanjour v. E.P.A.*, 56 F.3d 85, 90 (D.C. Cir. 1995). Along with balancing any burden on an employee's First Amendment rights, the *Pickering* balancing test also balances the government's interest in promoting efficient public services. *Id.*

Regarding an employee's interests, the balancing test turns on whether the government employee engaged in a matter of public concern. In this case, intellectual property matters are of public concern and Petitioner retained his rights to speak on those matters. Regarding the government's interest, federal employees are prohibited from receiving compensation for any representation in which the government has a direct and substantial interest. 18 U.S.C. §§ 203(a), 205(a)(2). The government has a direct and substantial interest in patent applications. *See Kearney & Trecker Corp. v. Giddings & Lewis, Inc.*, 452 F.2d 579, 591 (7th Cir. 1971), *cert. denied*, 405 U.S. 1066 (1972). Furthermore, Congress is concerned with avoiding even the appearance of impropriety because even this can erode public trust in the integrity and legitimacy of government decision-making. *See generally Macrariello v. Summer*, 973 F.2d 295, 300 (4th Cir. 1992) (holding that a government employee's speech does not have to actually disrupt efficiency—reasonable fear of an adverse effect is sufficient); *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006) (highlighting the fact that public employees are often in trusted positions in society).

Finally, the Court has considered the extent of the impact of First Amendment rights imposed. Here, the only prohibition on Petitioner's speech was the speech Petitioner exercised

when representing private clients in front of the USPTO. Petitioner was free to speak on patent and trademark matters otherwise, including in speeches, written blogs, and even representing private clients at the local and state level.

In assessing these various interests, the Court concludes that under the *Pickering* balancing test, Petitioner's First Amendment rights were not violated because there was no significant burden on Petitioner's First Amendment rights and the government's interest involved substantially outweighs whatever burden was placed on Petitioner's First Amendment rights. For these reasons, Petitioner has not shown that he is likely to succeed on his claims that First Amendment claims.

Petitioner has also failed to show that he is likely to succeed on his statute of limitations defense. In that regard, Petitioner contends the USPTO's institution of disciplinary proceedings against him was barred by the five-year statute of limitations provided in 28 U.S.C. § 2462. [Doc. No. 10] at 28-32. Petitioner is incorrect. 35 U.S.C. § 32 provides a limitations period of either ten years after the date of misconduct or one year after the date on which the misconduct forming the basis of the proceeding is made known to the USPTO. Petitioner's disciplinary proceedings began within one year after the date upon which the misconduct was made known to the USPTO. [Doc. No. 10] at 13-14. For that reason, Petitioner fails to make a showing that he is likely to succeed on the merits of his claim.

Nor had the Petitioner made the required showing that he is likely to suffer irreparable harm in the absence of injunctive relief; the balance of the equities tips in his favor; or an injunction serves the public interest. For the reason discussed above, Petitioner will not suffer any irreparable injury as his First Amendment rights are not violated by his suspension; and the balance of the equities and public interest favor the Government given the importance of the

government interests involved, the minimal effect on Petitioner's ability to engage in protected speech and the public interest in deterring other individuals from similar conduct.

Accordingly, it is hereby

**ORDERED** that Petitioner Correll's Motions, [Doc. Nos. 2, 9], be, and the same hereby are, **DENIED**.

The Clerk is directed to forward a copy of this Order to Petitioner and counsel of record.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
January 13, 2022